**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |
|---|---|
| UNITED FOOD AND COMMERCIAL WORKERS INTERNATIONAL UNION-INDUSTRY PENSION FUND and its Trustees: ANTHONY M. PERRONE, KEVIN WILLIAMSON, ROGER ROBINSON, KENNETH R. BOYD, ROBERT BLAIR, CARL IVKA, JOHN A. WAGNER, WALTER B. BLAKE, WILLIAM M. VAUGHN, III, RICHARD D. COX, JASON PARADIS, SCOTT HENDERSON,<br><br>18861 90th Avenue, Suite A<br>Mokena, IL 60448<br><br>            Plaintiffs,<br>   v.<br><br>NORRENBERNS FOODS, INC.,<br><br>205 E. Harnett Street<br>Mascoutah, IL 62258<br><br>Serve: Norrenberns Foods, Inc.<br>   Donald Thomas Norrenbern, Registered Agent<br>   11 Corrington Place<br>   Mascoutah, IL 62258<br><br>and<br><br>ST. CHRISTOPHER VILLAS, LLC<br><br>205 E. Harnett Street<br>Mascoutah, IL 62258<br><br>Serve: St. Christopher Villas, LLC<br>   Donald Thomas Norrenbern, Registered Agent<br>   205 E. Harnett Street<br>   Mascoutah, IL 62258<br><br>            Defendants. | Case No.: 16-cv-08154 |

## COMPLAINT

Plaintiffs, by counsel, hereby complain of Defendants Norrenberns Foods, Inc. and St. Christopher Villas, LLC as follows:

1. This claim is brought under the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1001 *et seq.*, and the Labor Management Relations Act of 1948 ("LMRA"), 29 U.S.C. § 185. The Plaintiffs seek a judgment against Defendants Norrenberns Foods, Inc. and St. Christopher Villas, LLC. for withdrawal liability, interest, liquidated damages, and attorneys' fees and costs incurred by the Fund, a multiemployer pension plan, in collecting these amounts.

### Jurisdiction and Venue

2. Jurisdiction is conferred upon this Court by Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132, 1145, and 28 U.S.C. § 1331.

3. Venue is proper in this district pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

### Parties

4. Plaintiff United Food and Commercial Workers International Union-Industry Pension Fund (hereinafter the "Fund") is a joint labor-management pension fund established pursuant to Section 302(c) of the LMRA, 29 U.S.C. § 186(c), and a multiemployer employee benefit plan within the meaning of Sections 3(3), 3(37), and 4001(a)(3) of ERISA, 29 U.S.C. §§ 1002(3), 1002(37), and 1301(a)(3). The Fund provides defined pension benefits to individuals who attain early or normal retirement age as defined under the plan document governing the Fund. The individuals entitled to retirement benefits from the Fund generally work in a number of industries, primarily retail food, processing, and manufacturing.

5.    Plaintiffs Anthony M. Perrone, Kevin Williamson, Roger Robinson, Kenneth R. Boyd, Robert Blair, Carl Ivka, John A. Wagner, Walter B. Blake, William M. Vaughn, III, Richard D. Cox, Scott Henderson, and Jason Paradis are Trustees of the Fund and "fiduciaries" with respect to the Fund as defined in Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and are members of the Fund's Board of Trustees, which is the "plan sponsor" within the meaning of Section 4001(a)(10)(A) of ERISA, 29 U.S.C. § 1301(a)(10)(A). The Fund is administered in Mokena, Illinois.

6.    Defendant Norrenberns Foods, Inc. ("Norrenberns") is an "employer" within the meaning of 29 U.S.C. § 152(2) and Section 3(5) of ERISA, 29 U.S.C. § 1002(5), and is engaged in an industry affecting commerce, within the meanings of Sections 3(11) and (12) of ERISA, 29 U.S.C. §§ 1002(11) and (12). Norrenberns is an Illinois corporation with a principal place of business at 205 E. Harnett Street, Mascoutah, IL 62258.

7.    Defendant St. Christopher Villas, LLC ("Christopher Villas") is a limited liability company organized under the laws of the State of Illinois with a principal place of business at 205 Hartnett St., Mascoutah, Illinois, 62258-1405. At all times pertinent to this action, including the date of Norrenberns' withdrawal from the Fund, John Norrenbern and Donald Norrenbern owned and/or controlled at least 80% of Christopher Villas.

**Governing Documents**

8.    At all times material to this Complaint, Norrenberns has employed employees represented for the purposes of collective bargaining by United Food and Commercial Workers Union Local No. 700, a labor organization representing employees in an industry affecting interstate commerce.

3

9. At all times material to this Complaint, Norrenberns and Local 700 were parties to and bound by a Collective Bargaining Agreement ("CBA") which obligated Norrenberns to make monthly contributions to the Fund on behalf of the individuals employed in the covered groups under the CBA.

10. Under the CBA, Norrenberns agreed to be bound by the Agreement and Declaration of Trust ("Trust Agreement") under which the Fund is maintained, and the rules and regulations adopted by the Trustees thereunder.

11. Norrenberns was also party to the Employer Participation Agreement for the United Food and Commercial Workers International Union-Industry Pension Fund ("Participation Agreement") at all times relevant to this action. The terms of the Participation Agreement obligated Norrenberns to be bound by the terms and provisions of the Trust Agreement, including all amendments thereto.

**Withdrawal Liability**

12. The Fund determined that in Plan Year ending June 30, 2014, Norrenberns effected a "complete withdrawal" from the Fund as defined in Section 4203 of ERISA, 29 U.S.C. § 1383.

13. The Fund determined that as a result of this complete withdrawal, Norrenberns incurred withdrawal liability to the Fund in the amount of $354,430.00 as determined under Section 4201(b) of ERISA, 29 U.S.C. § 1381(b).

14. On or about February 12, 2015, the Fund issued a Notice and Demand for payment of withdrawal liability in accordance with Sections 4202(2) and 4219(b)(1) of ERISA, 29 U.S.C. §§ 1382(2), 1399(b)(1).

15. This Notice and Demand for payment informed Norrenberns that its withdrawal liability was $354,430.00, payable in 80 quarterly payments of $4,615.00. The Notice and Demand stated the first quarterly payment was due on or before March 1, 2015.

16. By letter dated March 12, 2015 the Fund notified Norrenberns that it was delinquent in making its first quarterly withdrawal liability payment and that it had 60 days from receipt of the letter to cure the delinquency or it would be in default within the meaning of ERISA Section 4219(c)(5)(A), 29 U.S.C. § 1399(c)(5)(A). Norrenbern's received this letter on April 14, 2015.

17. A revised Notice and Demand for payment of withdrawal liability was sent to Norrenberns on October, 13, 2015 after the Fund determined that a complete withdrawal from the Fund did not occur until the Plan Year that ended June 30, 2015. The revised Notice and Demand informed Norrenberns that its withdrawal liability was reassessed in the amount of $220,573.00, payable in 80 quarterly installments of $4,615.00. The revised Notice and Demand stated that the first quarterly payment was due on March 1, 2015.

18. By letter dated March 31, 2016 the Fund notified Norrenberns that it was delinquent in making its revised withdrawal liability payments and that it had 60 days from receipt of the letter to cure the delinquency or it would be in default within the meaning of ERISA Section 4219(c)(5)(A), 29 U.S.C. § 1399(c)(5)(A).

19. Neither Norrenberns nor any other trade or business under common control has paid to the Fund the scheduled payments due between March 1, 2015 and the present.

20. Neither Norrenberns nor any other trade or business under common control has requested plan sponsor review of the withdrawal liability assessment within the time period specified in Section 4219(b)(2)(A) of ERISA, 29 U.S.C. § 1399(b)(2)(A).

21. Neither Norrenberns nor any other trade or business under common control has initiated arbitration of the withdrawal liability assessment within the time period specified in Section 4221(a)(1) of ERISA, 29 U.S.C. § 1401(a)(1), and is now precluded from doing so.

## COUNT I
## WITHDRAWAL LIABILITY AGAINST DEFENDANT NORRENBERNS FOODS, INC.

22. Plaintiffs incorporate each of the foregoing paragraphs as if set forth herein.

23. ERISA Section 4301(b), 29 U.S.C. § 1451(b), provides that the failure to make withdrawal liability payments when due shall be treated as a contribution delinquency under Section 515 of ERISA, 29 U.S.C. § 1145.

24. Norrenberns is in default within the meaning of Section 4219(c)(5)(A) of ERISA, 29 U.S.C. § 1399(c)(5)(B) and 29 C.F.R. § 4219.33, and the full amount of the Withdrawal Liability is now due and owing.

25. Accordingly, pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132, 1145, and Section 301 of the LMRA, 29 U.S.C. § 185, Norrenberns is liable for withdrawal liability in the amount of $220,573.00; interest on the withdrawal liability at the Fund's interest rate as prescribed in Section 6621 of the Internal Revenue Code of 1954, accrued as of August 15, 2016 in the amount of $1,246.46; the greater of interest at the above rate or liquidated damages equal to 20 percent of the withdrawal liability in the amount of $44,114.60; and attorneys' fees and costs incurred by the Fund in collecting these amounts.

## COUNT II
## CLAIM FOR CONTROLLED GROUP WITHDRAWAL LIABILITY AGAINST DEFENDANT ST. CHRISTOPHER VILLAS, LLC

26. Plaintiffs incorporate each of the foregoing paragraphs as if set forth herein.

27. At the time of Norrenberns' withdrawal from the Fund, John and Donald Norrenbern owned 100% of the stock of Norrenberns.

28. Upon information available to the Fund, at the time of Norrenberns' withdrawal from the Fund, John and Donald Norrenbern owned 100% of the membership interest in St. Christopher Villas, LLC.

29. Upon information available to the Fund, Christopher Villas was a trade or business under common control with Norrenberns within the meaning of Section 414(c) of the Internal Revenue Code and the regulation thereunder, Treasury Regulation Section 1.414(c)-2(c), 26 U.S.C. § 1.414(c)- 2(c), at the time of Norrenberns withdrawal from the Fund.

30. Accordingly, under ERISA Section 4001, 29 U.S.C. § 1301, and Internal Revenue Code Section 414(c), Christopher Villas is jointly and severally liable for the withdrawal liability incurred upon Norrenberns' complete withdrawal from the Fund.

31. Pursuant to Section 4219 of ERISA, 29 U.S.C. § 1399, notice of withdrawal liability assessment, default and all other notices provided under ERISA sent to one member of a controlled group constitutes notice to all trades or businesses in the same controlled group.

32. As set forth above, the Fund provided notice of the withdrawal liability assessment to Norrenberns, in care of Donald Norrenbern. Neither Norrenberns nor any other trades or businesses in the controlled group has paid to the Fund any of the withdrawal liability due, and Norrenberns is now in default.

33. ERISA Section 4301(b), 29 U.S.C. § 1451(b), provides that the failure to make withdrawal liability payments when due shall be treated as a contribution delinquency under Section 515 of ERISA, 29 U.S.C. § 1145.

34. By the foregoing conduct, Christopher Villas has violated Section 515 of ERISA, 29 U.S.C. § 1145 and is liable under Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), for withdrawal liability in the amount of $220,573.00; interest on the withdrawal liability at the

Fund's interest rate as prescribed in Section 6621 of the Internal Revenue Code of 1954, accrued as of August 15, 2016 in the amount of $1,246.46; the greater of interest at the above rate or liquidated damages equal to 20 percent of the withdrawal liability in the amount of $44,114.60; and attorneys' fees and costs incurred by the Fund in collecting these amounts.

### Prayer for Relief

WHEREFORE, Plaintiffs request the following relief:

(a)  A judgment against Defendants Norrenberns Foods, Inc. and St. Christopher Villas, jointly and severally, and in favor of Plaintiffs, pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), for the following amounts: (1) $220,573.00 in withdrawal liability; (2) interest on the withdrawal liability at the Fund's interest rate as prescribed in Section 6621 of the Internal Revenue Code of 1954, accrued as of August 15, 2016, in the amount of $1,246.46; (3) an amount equal to the greater of the interest on the withdrawal liability at the Fund's interest rate or liquidated damages equal to 20 percent of the withdrawal liability in the amount of $44,114.60; and (4) attorneys' fees and costs incurred by the Fund in collecting these amounts;

(b)  Such other and further relief as the Court deems just and equitable.

Dated:  August 17, 2016              Respectfully submitted,

    s/ *Jeffrey S. Endick, with consent*
Jeffrey S. Endick, Esq. (Bar No. 4133661)
SLEVIN & HART, P.C.
1625 Massachusetts Avenue, NW, Suite 450
Washington, D.C.  20036
(202) 797-8700
(202) 234-8231 (facsimile)

    s/ *David Huffman-Gottschling*
Sherrie E. Voyles, Esq. (Bar No. 06242386)
David Huffman-Gottschling, Esq. (Bar No. 06269976)
JACOBS, BURNS, ORLOVE & HERNANDEZ
150 North Michigan Avenue, Suite 1000

Chicago, IL 60601
(312) 327-3444

Counsel for Plaintiffs

    A copy of this Complaint will be served upon the Secretary of Labor and the Secretary of the Treasury by certified mail, as required by Section 502(h) of ERISA, 29 U.S.C. § 1132(h).

20418412v1